Monica Katz-Lapides, Esq. (CSB #267231)
Tate & Associates
1321 8th Street, Suite 4
Berkeley, CA 94710
Telephone: 510-525-5100
Fax: 510-525-5130
E-Mail: mkl@tateandassociates-law.com

*Local Counsel for Defendant Trans Union, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BRIAN GOLDHAMMER,<br>      Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; TRANSUNION, LLC; CAPITAL ONE FINANCIAL CORPORATION; CASHCALL, INC.; PLAN GREEN, LLC; PROSPER MARKETPLACE, INC.; SPRINGLEAF FINANCIAL SERVICE, INC.; MERRICK BANK; WEBBANK; and DOES 1 through 100, inclusive,<br>      Defendants. | CASE NO. 5:15-cv-02489-PSG<br><br>**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES: 1. Violation of Fair Credit Reporting Act; 2. Violation of California Consumer Credit Reporting Agencies Act; 3. Violation of California Unfair Business Practices Act 4. Demand Exceeds $10,000.00 AND AFFIRMATIVE DEFENSES** |

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint For Damages (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

**INTRODUCTION**

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200. Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting

of Plaintiff's debt included in Plaintiff's Chapter 13 bankruptcy.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION & VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

3. This Court has jurisdiction under California Civil Procedure Code §410.10 [sic]

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4. This venue is proper pursuant to California Civil Procedure Code § 395.5 [sic]

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## GENERAL ALLEGATIONS

5. Plaintiff filed for Chapter 13 bankruptcy protection on March 13, 2014 in order to reorganize and repair Plaintiff's credit.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6. On March 2, 2015 Plaintiff ordered a three bureau report from Equifax, Inc. to ensure proper reporting.

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES – [CASE NO. 5:15-cv-02489]**

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7. Plaintiff noticed several tradelines all reporting misleading and or [sic] inaccurate balances or past due balances owed on the account and or [sic] listed the account as transferred and or [sic] charged off rather than included in Bankruptcy.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

8. In response Plaintiff disputed the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

9. Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff [sic] was disputing the accuracy of what it was reporting to them.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union,

which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10. Defendants Capital One Financial Corporation; CashCall, Inc.; Plain Green, LLC; Prosper Marketplace, Inc.; Springleaf Financial Service, Inc.; Merrick Bank and WebBank failed to conduct a reasonable investigation and reported falsely to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC a *misleading* and or [sic] *inaccurate* balances or past due balances owed on the accounts, monthly payment, and or [sic] listed the accounts as open, transferred and or [sic] charged off rather than included in Bankruptcy.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11. Equifax, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information as Plaintiff received a reinvestigation, report from Equifax, Inc. that failed to properly address the inaccuracies.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

12. Experian Information Solutions, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information as Plaintiff received a reinvestigation report from Experian Information Solutions, Inc. that failed to properly address the inaccuracies.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

13. TransUnion, LLC failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information as Plaintiff received a reinvestigation report from TransUnion, LLC that failed to properly address the inaccuracies.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

14. On April 21, 2015 Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure proper reporting.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. Plaintiff's account was in dispute but the furnisher; Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC failed to correct the misleading and or [sic] inaccurate statements on the account within the statutory time frame or at all.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph

require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

16. The credit bureaus have an obligation to delete the tradeline when a response is not received by the furnisher within the statutory time frame.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

17. The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

18. The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act [sic] California Civil Code § 1785.25(a).

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

19. The actions of the Defendant [sic] as alleged herein are acts in violation of the California Business and Professions Code § 17200.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph

require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## FIRST CAUSE OF ACTION
(Violations of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC-Failure to Reinvestigate Disputed Information.**

20. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

21. After plaintiff disputed the accounts mentioned above, defendants [sic] Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC were required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, defendants were required to send all relevant information to the furnishers which they did not do based on the reinvestigation report Plaintiff received.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

22. In its reinvestigation report Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC failed to update the misleading and or [sic] inaccurate balances, past due balances, monthly payment, and or [sic] listing the accounts as open, transferred and or [sic] charged off rather than included in Bankruptcy.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph

require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**Capital One Financial Corporation; CashCall, Inc.; Plain Green, LLC; Prosper Marketplace, Inc.; Springleaf Financial Service, Inc.; Merrick Bank and WebBank- Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC and Failure to Reinvestigate.**

23. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

24. 15 USC 1681s-2 prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

25. Defendants Capital One Financial Corporation; Cash-Call, Inc.; Plain Green, LLC; Prosper Marketplace, Inc.; Springleaf Financial Service, Inc.; Merrick Bank and WebBank violated section 1681s-2 by reporting misleading and or [sic] inaccurate balances, past due balances, monthly payment, and or [sic] listing the accounts as open, transferred and or [sic] charged off rather than included in Bankruptcy.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26. Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC provided notice to the defendants [sic] that Plaintiff was disputing the inaccurate or

misleading information but each of the furnishers failed to conduct a reasonable investigation of the information as required by the FCRA.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

27. All Defendants re-reported to the bureaus the misleading and or [sic] inaccurate information as seen in Plaintiff's reinvestigation reports.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

**SECOND CAUSE OF ACTION**
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**Capital One Financial Corporation; CashCall, Inc.; Plain Green, LLC; Prosper Marketplace, Inc.; Springleaf Financial Service, Inc.; Merrick Bank and WebBank - Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.**

28. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES – [CASE NO. 5:15-cv-02489]**
Page 9 of 18

29. Defendants Capital One Financial Corporation; CashCall, Inc.; Plain Green, LLC; Prosper Marketplace, Inc.; Springleaf Financial Service, Inc.; Merrick Bank and WebBank intentionally and knowingly reported misleading and or [sic] inaccurate balances, past due balances, monthly payment, and or [sic] listing the accounts as open, transferred and or [sic] charged off rather than included in Bankruptcy to Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC. Plaintiff alleges that Creditors re-reported misleading and or [sic] inaccurate balances, past due balances, monthly payment, and or [sic] listed the accounts as open, transferred and or [sic] charged off rather than included in Bankruptcy to Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC in violation of California Civil Code § 1785.25(a).

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30. Plaintiff also alleges that Creditors had reason to know that the information reported on Plaintiff's accounts were misleading and or [sic] inaccurate.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation should have provided notice to Defendants of its misleading and or [sic] inaccurate reporting.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32. Creditors failed to notify Experian information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

33. Creditor's [sic] communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

**ANSWER**: Trans Union denies that these statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34. As a direct and proximate result of Creditor's [sic] willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 13, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph

require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditors and Does 1-100)

58. [sic] Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

59. [sic] Plaintiff brings this action in individual capacity and on behalf of the general public.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

60. [sic] Creditors at all times relevant to this Complaint were engaged in the business of collections and providing services on credit to qualified applicants.

**ANSWER**: Trans Union denies that these statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

61. [sic] Commencing on or about March 13, 2014 and continuing to the present, Creditors committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES – [CASE NO. 5:15-cv-02489]**
Page 12 of 18

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

62. [sic] These unlawful business practices of the Creditors are likely to continue and therefore will continue to injure Plaintiff and mislead the public by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

63. [sic] Creditor's [sic] acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore unlawful business practices within the meaning of Business and Professions Code § 17200.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

65. [sic] Wherefore, Plaintiff prays for judgment as hereinafter set forth.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

    a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

      b.      Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

      c.      Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31 [sic]

      d.      Award $2,500 in civil penalties pursuant to California Business & Professions Code § 17206;

      e.      Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

      f.      For determination by the Court that Creditor's [sic] policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;

      g.      For determination by the Court that Creditor's [sic] policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o; [sic]

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

# AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

Date: June 18, 2015

s/ Andrew S. Meyers
Andrew S. Meyers, Esq. (IN #31427-49)
  (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: 317-363-2400
Fax: 317-363-2257
E-Mail: ameyers@schuckitlaw.com

*Lead Counsel for Defendant, Trans Union, LLC*

Monica Katz-Lapides, Esq. (CSB #267231)
Tate & Associates
1321 8th Street, Suite 4
Berkeley, CA 94710
Telephone: 510-525-5100
Fax: 510-525-5130
E-Mail: mkl@tateandassociates-law.com

*Counsel for Defendant, Trans Union, LLC*

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES – [CASE NO. 5:15-cv-02489]**

## PROOF OF SERVICE

I, Andrew S. Meyers, declare that I am a resident of the State of California, am over the age of eighteen years and am not a party to the within action. I am employed with Tate & Associates, whose address is 1321 8th Street, Suite 4, Berkeley, CA. On June 19, 2015, I served the following documents:

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES**

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Berkeley, CA. |

All documents were sent to the following persons in the following manner:

| | |
|---|---|
| **for Plaintiff Brian Goldhammer**<br>Joseph B. Angelo, Esq.<br>Sagaria Law<br>333 W. San Carlos Street, #1700<br>San Jose, CA 95110 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 19th day of June, 2015, at Berkeley, CA.

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES – [CASE NO. 5:15-cv-02489]**

|     |                                                                                       |
| --- | ------------------------------------------------------------------------------------- |
| 1   |                                                                                       |
| 2   | _s/_    _Andrew S. Meyers_                                        |
| 3   | Andrew S. Meyers, Esq. (IN #31427-49)<br>(admitted *Pro Hac Vice*)                    |
| 4   | Schuckit & Associates, P.C.<br>4545 Northwestern Drive                                |
| 5   | Zionsville, IN 46077<br>Telephone: 317-363-2400                                       |
| 6   | Fax: 317-363-2257<br>E-Mail: ameyers@schuckitlaw.com                                  |
| 7   | *Lead Counsel for Defendant, Trans Union, LLC*                                        |

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES – [CASE NO. 5:15-cv-02489]**