JESSE S. FINLAYSON, SBN 179443
jfinlayson@ftrlfirm.com
JARED M. TOFFER, SBN 223139
jtoffer@ftrlfirm.com
**FINLAYSON TOFFER**
**ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 250
Irvine, CA 92618
Telephone: 949.759.3810
Facsimile: 949.759.3812

Attorneys for Defendant
CASHCALL, INC.

UNTED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Brian Goldhammer,<br><br>      Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.; Equifax, Inc.; Transunion, LLC; Capital One Financial Corporation; CashCall, Inc.; Plain Green, LLC; Prosper Marketplace, Inc.; Springleaf Financial Services, Inc.; Merrick Bank; WebBank and DOES 1 through 100 inclusive,<br><br>      Defendants. | CASE NO. 5:15-cv-2489-LHK<br><br>Assigned to Judge: Lucy H. Koh<br><br>**DEFENDANT CASHCALL, INC.'S ANSWER TO COMPLAINT**<br><br>Action Filed: May 18, 2015 |

CASHCALL, INC. ("Defendant" or "CashCall") answers the complaint of BRIAN GOLDHAMMER ("Plaintiff" or "Goldhammer"), as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, to the extent that Paragraph 1 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall denies each and every remaining allegation in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, CashCall incorporates by reference Paragraph 1 of this Answer as thought set forth in full herein in response to Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint, to the extent that Paragraph 3 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall denies each and every remaining allegation in Paragraph 3 of the Complaint.

4. Answering Paragraph 4 of the Complaint, to the extent that Paragraph 4 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall denies each and every remaining allegation in Paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

5. Answering Paragraph 5 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 6 of the Complaint.

7. Answering Paragraph 7 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 7 of the Complaint.

8. Answering Paragraph 8 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, CashCall denies the allegations in Paragraph 10 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint, and on that basis, denies each and every remaining allegation contained in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Answering Paragraph 16 of the Complaint, to the extent that Paragraph 16 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Answering Paragraph 17 of the Complaint, to the extent that Paragraph 17 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall denies each and every remaining allegation in Paragraph 17 of the Complaint.

18. Answering Paragraph 18 of the Complaint, to the extent that Paragraph 18 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall denies each and every remaining allegation in Paragraph 18 of the Complaint.

19. Answering Paragraph 19 of the Complaint, to the extent that Paragraph 19 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall denies each and every remaining allegation in Paragraph 19 of the Complaint.

## FIRST CAUSE OF ACTION

### (Violation of Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b))

### (Against Defendants and Does 1-100)

**Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC – Failure to Reinvestigate Disputed Information.**

20. Answering Paragraph 20 of the Complaint, CashCall incorporates by reference Paragraphs 1 through 19 of this Answer as thought set forth in full herein in response to Paragraph 20 of the Complaint.

21. Answering Paragraph 21 of the Complaint, to the extent that Paragraph 21 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 21 of the Complaint.

22. Answering Paragraph 22 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 22 of the Complaint.

**Capital One Financial Corporation; CashCall, Inc.; Plain Green, LLC; Prosper Marketplace, Inc.; Springleaf Financial Services, Inc.; Merrick Bank and WebBank – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc; Equifax, Inc. and Trans Union, LLC and Failure to Reinvestigate.**

23. Answering Paragraph 23 of the Complaint, CashCall incorporates by reference Paragraphs 1 through 22 of this Answer as thought set forth in full herein in response to Paragraph 23 of the Complaint.

24. Answering Paragraph 24 of the Complaint, to the extent that Paragraph 24 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall denies each and every remaining allegation in Paragraph 24 of the Complaint.

25. Answering Paragraph 25 of the Complaint, CashCall denies that allegations in Paragraph 25 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and on that basis, denies each and every remaining allegation contained in Paragraph 25 of the Complaint.

26. Answering Paragraph 26 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Answering Paragraph 27 of the Complaint, CashCall denies the allegations in Paragraph 27 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 27 of the Complaint.

## SECOND CAUSE OF ACTION

(Violation of California Consumer Credit Reporting Agencies Act –

Cal. Civ. Code § 1785.25(a))

(Against Defendants and Does 1-100)

**Capital One Financial Corporation; CashCall, Inc.; Plain Green, LLC; Prosper Marketplace, Inc.; Springleaf Financial Services, Inc.; Merrick Bank and WebBank –Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc; Equifax, Inc. and Trans Union, LLC.**

28. Answering Paragraph 28 of the Complaint, CashCall incorporates by reference Paragraphs 1 through 27 of this Answer as thought set forth in full herein in response to Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of the Complaint, CashCall denies the allegations in Paragraph 29 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 29 of the Complaint.

30. Answering Paragraph 30 of the Complaint, CashCall denies the allegations in Paragraph 30 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 30 of the Complaint.

31. Answering Paragraph 31 of the Complaint, CashCall denies the allegations in Paragraph 31 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 31 of the Complaint.

32. Answering Paragraph 32 of the Complaint, CashCall denies the allegations in Paragraph 32 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 32 of the Complaint.

33. Answering Paragraph 33 of the Complaint, CashCall denies the allegations in Paragraph 33 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 33 of the Complaint.

34. Answering Paragraph 34 of the Complaint, CashCall denies the allegations in Paragraph 34 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 34 of the Complaint.

35. Answering Paragraph 35 of the Complaint, CashCall admits that Plaintiff prays for judgment but denies that CashCall is liable to Plaintiff whatsoever.

## THIRD CAUSE OF ACTION

**(Unfair Business Practices Act – California Business and Professions Code §17200)**

**(Against Defendant Creditors and Does 1-100)**

58.[1] Answering Paragraph 58 of the Complaint, CashCall incorporates by reference Paragraphs 1 through 35 of this Answer as thought set forth in full herein in response to Paragraph 58 of the Complaint.

59. Answering Paragraph 59 of the Complaint, CashCall lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and on that basis, denies each and every allegation contained in Paragraph 59 of the Complaint.

---

[1] Plaintiff's Complaint proceeds from Paragraph 36 to Paragraph 58, skipping all numbers in between. CashCall's Answer reflects the numbering in Plaintiff's Complaint.

6

60. Answering Paragraph 60 of the Complaint, to the extent that Paragraph 60 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall denies the allegations in Paragraph 60 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 60 of the Complaint.

61. Answering Paragraph 61 of the Complaint, to the extent that Paragraph 61 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall denies the allegations in Paragraph 61 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 61 of the Complaint.

62. Answering Paragraph 62 of the Complaint, CashCall denies the allegations in Paragraph 62 to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 62 of the Complaint.

63. Answering Paragraph 63 of the Complaint, to the extent that Paragraph 63 of the Complaint states legal conclusions, CashCall is not required to admit or deny the validity of those conclusions. To the extent that a response is required, CashCall denies the allegations in Paragraph 63 of the Complaint to the extent they relate to CashCall. CashCall otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and on that basis, denies each and every remaining allegation in Paragraph 63 of the Complaint.

65. Answering Paragraph 65 of the Complaint, CashCall admits that Plaintiff prays for judgment but denies that CashCall is liable to Plaintiff whatsoever.

## RESPONSE TO PRAYER FOR RELIEF

a. CashCall denies that Plaintiff is entitled to a preliminary or permanent injunction against CashCall as set forth in his prayer for relief;

b. CashCall denies that Plaintiff is entitled to any statutory or actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31 against CashCall as set forth in his prayer for relief;

c. CashCall denies that Plaintiff is entitled to any punitive damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31 against CashCall as set forth in his prayer for relief;

d. CashCall denies that Plaintiff is entitled to an award of civil penalties pursuant to California Business and Professions Code § 17206 as set forth in his prayer for relief;

e. CashCall denies that Plaintiff is entitled to an award of attorneys' fees or costs of suit pursuant to 15 U.S.C. § 1681n & o, and California Civil Code § 1785.31 as set forth in his prayer for relief;

f. CashCall denies that Plaintiff is entitled to a determination by the Court that CashCall's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, *et seq.*, and California Business and Professions Code § 17200, *et seq.*, as set forth in his prayer for relief;

g. CashCall denies that Plaintiff is entitled to a determination by the Court that CashCall's policies and procedures are unlawful and in negligent violation of 15 U.S.C. § 1681o.

## TRIAL BY JURY

CashCall admits that Plaintiff has demanded trial by jury.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, CashCall alleges the following distinct affirmative defenses, without conceding that CashCall bears the burden of proof or persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Against CashCall)

1. The Complaint, and each purported cause of action therein, fails to state a claim sufficient to constitute a cause of action against CashCall and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from CashCall.

## SECOND AFFIRMATIVE DEFENSE

### (Immunity)

2. Plaintiff's claims are barred as against CashCall by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Truth/Accuracy)

4. Plaintiff's claims are barred as against CashCall because all information CashCall communicated to any third person regarding Plaintiff was true.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

5. Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6. The Complaint and each claim for relief therein is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Fault)

7. CashCall is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by CashCall.

9

CASHCALL, INC.'S ANSWER TO COMPLAINT
CASE NO. CV15-2489-LHK

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8. Any damages that Plaintiff may have suffered, which CashCall continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is stopped and barred from recovery of any damages whatsoever as against CashCall.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

9. CashCall is informed and believes and thereon alleges that all claims for relief in the Complaint against CashCall are barred by the applicable statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE

### (Intervening Cause)

10. Plaintiff's alleged damages, which CashCall continues to deny, were not caused by CashCall but by an independent intervening cause, including but not limited to accurate negative information regarding Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11. The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Indemnification)

12. CashCall is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom CashCall had neither control nor responsibility.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Improper Request for Punitive Damages)

13. Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff agreed to arbitrate any dispute with CashCall.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

15. Plaintiff's claims are barred in whole, or in part, because they are preempted by the Fair Credit Reporting Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

16. CashCall reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant CashCall, Inc. prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2. For costs of suit and attorneys' fees herein incurred; and

3. For such other and further relief as this Court may deem just and proper.

DATED: July 1, 2015

FINLAYSON TOFFER
ROOSEVELT & LILLY LLP


By: _____/s/ Jared M. Toffer_____
Jared M. Toffer

Attorneys for Defendant
CASHCALL, INC.

11

CASHCALL, INC.'S ANSWER TO COMPLAINT
CASE NO. CV15-2489-LHK

## CERTIFICATE OF SERVICE

I, Leandra Navarro, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 15615 Alton Parkway, Suite 250, Irvine, California 92618. On July 1, 2015, I served a copy of **DEFENDANT CASHCALL, INC.'S ANSWER TO COMPLAINT** by electronic transmission.

I am familiar with the United States District Court for the Northern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

| | |
|---|---|
| Scott J. Sagaria<br>Elliot W. Gale<br>SAGARIA LAW, P.C.<br>2033 Gateway Place, 5th Floor<br>San Jose, CA 95110<br>408.279.2288<br>408.279.2299 – Fax | *Attorneys for Plaintiff Brian Goldhammer* |
| Andrew S. Meyers<br>SCHUCKIT ASSOCIATES PC<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>317.363.2400<br>317.363.2257 – Fax<br>ameyers@schuckitlaw.com | *Attorneys for Defendant Trans Union, LLC* |
| Monica Katz-Lapides<br>TATE and ASSOCIATES<br>1321 Eighth St, Suite 4<br>Berkeley, CA 94710<br>510.525.5100<br>510.525.5130 – Fax<br>mkl@tateandassociates-law.com | *Attorneys for Defendant Trans Union, LLC* |
| Alyssa M. Staudinger<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612-4408<br>949.851.3939<br>949.553.7539 – Fax<br>astaudinger@jonesday.com | *Attorneys for Defendant, Experian Information Solutions, Inc.* |
| Austin Benjamin Kenney<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>415.398.3344<br>415.956.0439<br>abk@severson.com | *Attorneys for Defendant, Springleaf Financial Services, Inc.* |

Executed on **July 1, 2015**.

                                                /s/ *Leandra Navarro*
                                                  Leandra Navarro